UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:16cv131-FDW

| | |
|---|---|
| WILLIAM COLEMAN,           )<br>                                              )<br>       Petitioner,       )<br>                                              )<br>vs.                                         )<br>                                              )<br>JAMES MCRAE,                    )<br>                                              )<br>       Respondent.    )<br>_____) | ORDER |

**THIS MATTER** is before the Court upon initial review of Petitioner William Coleman's pro se Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. No. 1). Also before the Court are Petitioner's application to proceed in forma pauperis (Doc. No. 5) and Motion for Summary Judgment (Doc. No. 6).

**I.    PROCEDURAL HISTORY[1]**

Petitioner is a prisoner of the State of North Carolina who, on August 18, 2014, pled guilty, pursuant to a plea arrangement, to three counts of felonious breaking and entering, three counts of larceny after breaking and entering, and one count of being a habitual felon. The trial court consolidated the counts for sentencing and sentenced Petitioner, pursuant to the plea arrangement, to a mitigated-range sentence of 96-128 months in prison. Petitioner did not file a direct appeal.

On November 10, 2014, Petitioner filed a pro se Motion for Appropriate Relief ("MAR")

---

[1] Unless otherwise indicated, the procedural history of this case is taken from the September 8, 2015 Order Denying Petitioner's Motion for Appropriate Relief ("MAR") in the Superior Court of Mecklenburg County. (Order Den. MAR 1-2, Doc. No. 1-1.)

1

in the Superior Court of Mecklenburg County; it was denied on November 24, 2014. The North Carolina Court of Appeals denied Petitioner's petition for writ of certiorari on December 11, 2014.

On August 11, 2015, Petitioner filed a "Motion for Reconsideration" in the Superior Court of Mecklenburg County. The court construed the Motion as a second MAR, and denied it on September 8, 2015. The North Carolina Court of Appeals dismissed Petitioner's petition for writ of certiorari on October 12, 2015 for failing to attach supporting documents as required by North Carolina Rule of Appellate Procedure 21(c). See State v. Coleman, P14-962, (N.C. Ct. App. filed Oct. 12, 2015), Docket Sheet, available at https://www.ncappellatecourts.org.

Petitioner filed the instant habeas Petition in the United States District Court for the Eastern District of North Carolina. Although the Petition indicates that it was signed, under penalty of perjury, and placed in the prison mail system on February 29, 2016 (Pet. 15, Doc. No. 1), it was not received by the Clerk of Court for the Eastern District until March 14, 2016 (Envelope, Doc. No. 1-2). The Petition was transferred to this Court, where venue is proper, on March 15, 2016. Petitioner filed his application to proceed in forma pauperis on April 19, 2016 and his Motion for Summary Judgment on July 22, 2016.

II.     **STANDARD OF REVIEW**

The Court is guided by Rule 4 of the Rules Governing Section 2254 Cases, which directs district courts to examine habeas petitions promptly. Rule 4, 28 U.S.C.A. foll. § 2254. When it plainly appears from any such petition and any attached exhibits that the petitioner is not entitled to relief, the reviewing court must dismiss the motion. Id.

## III. DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides a statute of limitations for § 2254 petitions by a person in custody pursuant to a state court judgment. 28 U.S.C. § 2244(d)(1). The petition must be filed within one year of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."[2] § 2244(d)(1)(A). The limitations period is tolled during the pendency of a properly filed state post-conviction action. § 2244(d)(2).

Judgment was entered in this case on August 18, 2014, when Petitioner was sentenced. To the extent Petitioner retained a right to appeal his guilty pleas, he had 14 days to file a direct appeal in the North Carolina Court of Appeals, see N.C. R. App. P. 4(a)(2), which he did not do. Therefore, his convictions became final on or about September 1, 2014, when the time for seeking direct review expired. See § 2244(d)(1)(A).

The federal statute of limitations then ran for 70 days until Petitioner filed his first MAR on November 10, 2015. The limitations period was tolled until December 11, 2014, when the North Carolina Court of Appeals denied Petitioner's certiorari petition. See § 2244(d)(2). The statute of limitations resumed and ran for another 243 days until Petitioner filed his second MAR on August 11, 2015. The limitations period was tolled again until September 8, 2015, when his MAR was denied.[3] The statute of limitations again resumed and ran for 52 days until it finally

---

[2] There are three exceptions to this starting date, see § 2244(d)(1)(B)-(D), none of which applies here.

[3] Unlike his 2014 petition for writ of certiorari, the certiorari petition Petitioner filed after his second MAR was denied did not toll the federal statute of limitations. The statute of limitations is tolled only during the pendency of a *properly filed* state post-conviction action. § 2244(d)(2). As noted, the North Carolina Court of Appeals dismissed Petitioner's 2015 petition for writ of certiorari because he failed to follow proper appellate procedure. See State v. William M. Coleman, P14-962, (N.C. Ct. App. filed Oct. 12, 2015), Docket Sheet, available at https://www.ncappellatecourts.org. Because the certiorari petition was not properly filed, the statute of limitations was not tolled under § 2244(d)(2).

expired on or about October 30, 2015, at least four months before Petitioner filed the instant habeas Petition.

Thus, the Petition is time-barred and must be dismissed unless Petitioner can demonstrate that he is entitled to equitable tolling of the statute of limitations. See, e.g., Hill v. Braxton, 277 F.3d 701, 707 (4th Cir. 2002) (The Court may sua sponte dismiss a § 2254 petition without notice if "it is indisputably clear from the materials presented to the district court that the petition is untimely and cannot be salvaged by equitable tolling principles or any of the circumstances enumerated in § 2244(d)(1).") Equitable tolling requires a showing "(1) that [the petitioner] has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" of filing a timely habeas petition. Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); see also Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000) (holding that equitable tolling of AEDPA's one year limitation period is "reserved for those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result").

Petitioner seeks equitable tolling on the grounds that he is ignorant of the law, has no access to a law library, and cannot afford an attorney to help him. (Pet., supra, at 13-14.) Taken separately or together, these circumstances do not qualify as "extraordinary" in the equitable tolling context. See United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) (holding that unfamiliarity with the legal process and lack of legal representation do not constitute grounds for equitable tolling) (citing Cross-Bey v. Gammon, 322 F.3d 1012, 1015 (8th Cir. 2003) ("[E]ven in the case of an unrepresented prisoner alleging a lack of legal knowledge or legal resources, equitable tolling has not been warranted.")). Consequently, Petitioner is not entitled to equitable

tolling, and his petition will be dismissed as untimely.[4]

The Court also will dismiss Petitioner's Motion for Summary Judgment. (Doc. No. 6.) Petitioner's effort to bring suit against, or compel action by, a state court judge under state law is not cognizable in this § 2254 action.

**IT IS, THEREFORE, ORDERED** that:

1. The Petition for Writ of Habeas Corpus (Doc. No. 1) is **DISMISSED** as untimely;

2. Petitioner's application to proceed in forma pauperis (Doc. No. 4) is **GRANTED**;

3. Petitioner's Motion for Summary Judgment (Doc. No. 6) is **DISMISSED** without prejudice; and

4. Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

---

[4] The Court is aware of the Fourth Circuit's directive in Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002), that a court must warn a petitioner that his case is subject to dismissal before dismissing a petition as untimely filed when justice requires it. Here, however, such warning is not necessary because Petitioner addressed the statute of limitations issue in his § 2254 petition. (Pet. 13-14, Doc No. 1.)

**SO ORDERED.**

Signed: November 28, 2016

Frank D. Whitney
Chief United States District Judge